UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL TATER-ALEXANDER, | ) | 1:08-cv-00372-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFF'S EX |
| | ) | PARTE MOTION TO FILE DOCUMENTS |
| v. | ) | UNDER SEAL |
| | ) | |
| CORPORAL LONNIE R. AMERJAN, | ) | DIRECTIONS TO THE CLERK REGARDING |
| et al., | ) | FILING OF DOCUMENTS, INCLUDING |
| | ) | DOCUMENTS UNDER SEAL |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed on March 14, 2008, a complaint for damages and other relief concerning alleged violations of civil rights. On the same date, he lodged an application to proceed in forma pauperis and an ex parte motion to file under seal his application to proceed in forma pauperis and a motion for the appointment of counsel. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Ex Parte Motion to File Documents under Seal

Pursuant to Local Rule 39-141(a), except as otherwise provided by statute or rule, documents may be sealed only upon

1

written order of the Court.

In this circuit there is a recognized, common law right of access to judicial records and documents in civil proceedings for the purpose of inspection and copying. Hagestad v. Tragesser, 49 F.3d 1430, 1433-1434 (9th Cir. 1995). This right is based upon the interest of citizens in keeping a watchful eye on the working of public agencies. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). However, this right is not absolute; the court has the authority to exercise its discretion to seal documents and set appropriate limits upon access to records and files. Fed. R. Civ. P. 26(c); Local Rule 39-141(a); Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); Hagestad v. Tragesser, 49 F.3d 1434 (9th Cir. 1995).

The Ninth Circuit has adopted the Seventh Circuit's approach for determining whether the common law right of access should be overridden, requiring courts to start with a strong presumption in favor of access that may be overcome only on the basis of articulable facts known to the court, as distinct from unsupported hypothesis or conjecture, which demonstrate a compelling reason. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006); Hagestad, 49 F.3d at 1434. A district court should consider the relevant facts and circumstances of the particular case. After taking relevant factors into consideration, it must base its decision on whether to seal court records on a compelling reason, and must clearly articulate a factual basis for its ruling. Id. In determining whether to seal documents, the Court should consider the interests advanced by the parties in light of the public interest

2

and the duty of the courts. <u>Nixon</u>, 435 U.S. at 602; <u>Hagestad</u>, 49 F.3d at 1434. Compelling reasons sufficient to outweigh the public interest in disclosure and justify sealing court records exist when court files might have become a vehicle for improper purposes, such as to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1179 (9th Cir. 2006). The mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel a court to seal its records. <u>Foltz v. State Farm Mutual Auto. Insurance Co.</u>, 331 F.3d 1122, 1136 (9th Cir. 2003).

     A. <u>Application to Proceed in Forma Pauperis</u>

 The Court does not have before it any evidence that in forma pauperis applications in this Court are traditionally sealed. An application to proceed in forma pauperis is not within the narrow range of matters, such as records of grand jury proceedings, traditionally sealed because of important policy reasons. <u>See</u>, <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178, 1184-85 (9th Cir. 2006).

 With respect to an application to proceed in forma pauperis, this Court exercises a limited discretion in granting or denying the application. <u>Jefferson v. United States</u>, 277 F.2d 723, 725 (9th Cir. 1960). The applicant is required to set forth his assets and financial circumstances in sufficient detail to permit intelligent exercise of discretion. <u>Id.</u> The requirement that an applicant submit an affidavit results in exposing the affiant to the penalty of perjury in a case of bad faith, and it thereby

1  serves as an important protection of the public against a false
2  or fraudulent invocation of the statute's benefits, which are
3  granted at public expense. Adkins v. E. I. Du Pont de Nemours &
4  Co., 335 U.S. 331, 338-339 (1948); Jefferson v. United States,
5  277 F.2d at 725.

6      The Court concludes that the processes of applying for and
7  determining applications concerning the in forma pauperis
8  privilege involve a statutorily based exercise of the judicial
9  function, and they also involve the public interest in the proper
10 exercise of such function. Therefore, records concerning these
11 processes are judicial records subject to public access.

12     In support of his application to seal his application,
13 Plaintiff states that he believes that in forma pauperis
14 applications are filed separately in state court and not made
15 part of the public record, and that matters of personal financial
16 status should be kept private and not exposed to prospective
17 defense counsel.

18     Plaintiff's belief as to the practices of state court
19 concerns a separate system, and, in any event, does not
20 constitute evidence concerning the interests involved in the
21 present case pending before this Court.

22     As to the matters disclosed on Plaintiff's application,
23 Plaintiff declares that he receives SSI disability in the amount
24 of $870.00. This is not a compelling reason for sealing under the
25 circumstances because in Plaintiff's complaint, Plaintiff alleges
26 that after 1991, he was awarded federal disability entitlement
27 benefits under Title XVI. (Cmplt. p. 14.) Thus, the information
28 concerning his receipt of disability benefits has already been

made public by Plaintiff. The amount of benefits is not shown to be unique to Plaintiff or otherwise to reflect any indicia of privacy.

Plaintiff's in forma pauperis application also reflects that he occasionally takes photographs at the local high school when needed for $10.00 to $20.00 per event; sometimes he takes photos at two events a month subject to his physical ability to function, and many months throughout the year there are no events at all. (App. ¶ 3.) Plaintiff's activities in this regard are public and likewise do not carry any indicia of confidentiality, exposure of trade secrets, etc.

Plaintiff also states that he owns a 1998 Ford van with an estimated value of $2,000.00. (App. ¶ 5.) Again, this does not appear to be the type of information that is likely to be used for improper purposes.

Accordingly, the Court concludes that in the circumstances of the present case, Plaintiff has failed to demonstrate any compelling reasons for overcoming the presumption of public access to his application.

Therefore, his motion to file his application to proceed in forma pauperis will be denied.

### B. Motion for Appointment of Counsel

Plaintiff's motion for the appointment of counsel includes a declaration in support of the motion in which Plaintiff details his efforts to obtain counsel, and a memorandum of points and authorities in support of the motion.

#### 1. Plaintiff's Declaration

Plaintiff's filing of administrative complaints with state

5

and federal public agencies which, pursuant to Plaintiff's own representations, do not provide direct legal representation, does not appear to include any privileged matter or matter that is likely to be used for improper purposes. Likewise, his single contact with Central Valley Legal Aide Services, in which Plaintiff was told that they did not get involved in matters involving physical or personal injury, does not appear to reveal any confidential matters; not only was there no attorney-client contact, but Plaintiff himself also made public his allegation that he suffered physical injury in his complaint. (Cmplt. pp. 16-18.)

However, paragraphs five and six of Plaintiff's declaration submitted in support of his motion for appointment of counsel, and Exhibits B and C to that declaration, concern his contact with specific firms and their correspondence with Plaintiff concerning his claim. It is not determinative that Plaintiff ultimately failed to employ the entities in question; it is established that statements made while intending to employ a lawyer are privileged even though the lawyer is not employed. Grand Jury Proceedings under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991).

### b. Memorandum of Points and Authorities

Plaintiff's memorandum of points and authorities submitted in support of his motion for the appointment of counsel details Plaintiff's claims. Portions of the memorandum mirror allegations of the complaint, or specify the records of Defendants that reflect some of the allegations of the complaint, and thus there is no compelling reason or even good cause for sealing these

6

portions of the application. (Mem., ¶ 1(a) through (k); Cmplt. ¶¶ 2, 3-4, 16, 34, 12-25, 30, 36.)

However, paragraph (l) of the memorandum concerns evidence and statements of Plaintiff concerning the claim that are not alluded to in the complaint and are matters that are within the ambit of protection as work product.

Accordingly, in the present circumstances of the case, Plaintiff has demonstrated a compelling reason not to disclose paragraph (l) of the memorandum of points and authorities, appearing on pages 4 through 5 of the memorandum.

In summary, Plaintiff has demonstrated a basis for sealing paragraphs five and six of Plaintiff's declaration submitted in support of his motion for appointment of counsel, and Exhibits B and C to that declaration; and paragraph (1) of the memorandum of points and authorities submitted in support of Plaintiff's motion for appointment of counsel.

II. Disposition

Accordingly, it IS ORDERED that

1) Plaintiff's ex parte motion to file documents under seal IS GRANTED IN PART AND DENIED IN PART, in that

   a) Plaintiff's application to seal his application to proceed in forma pauperis IS DENIED, and

   b) Plaintiff's application to seal his motion for appointment of counsel and declaration in support thereof IS GRANTED IN PART, and the only portions that warrant filing under seal are paragraphs five and six of Plaintiff's declaration submitted in support of his motion for appointment of counsel, and Exhibits B and C to that declaration; and 2) paragraph (1) of

the memorandum of points and authorities submitted in support of Plaintiff's motion for appointment of counsel; otherwise, Plaintiff's application to seal IS DENIED; and

    2) The Clerk IS DIRECTED TO FILE UNDER SEAL the original declaration in support of motion to appoint counsel, and the original memorandum of points and authorities in support of motion to appoint counsel; further, the Clerk IS DIRECTED to file a copy of said documents, with the sealed portions redacted, for viewing by the public.

IT IS SO ORDERED.

**Dated:   April 4, 2008**　　　　　　　　　　　　**/s/ Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE