UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL TATER-ALEXANDER, | ) | 1:08-cv-00372-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | TO APPOINT COUNSEL |
| v. | ) | |
| | ) | |
| CORPORAL LONNIE R. AMERJAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed on March 14, 2008, a complaint for damages and other relief concerning alleged violations of civil rights. On the same date, he lodged a motion for the appointment of counsel. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

By separate order the Court has dismissed Plaintiff's complaint with leave to amend and directed Plaintiff to file a first amended complaint within thirty days of the date of service of the order.

The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court

1

in such circumstances is discretionary, not mandatory. <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. <u>Terrell</u>, 935 F.2d at 1017. Further, Plaintiff's claim is not particularly complex.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

Accordingly, Plaintiff's motion for the appointment of counsel IS DENIED.

IT IS SO ORDERED.

**Dated:   April 4, 2008**           **/s/ Sandra M. Snyder**
                              UNITED STATES MAGISTRATE JUDGE