UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL TATER-ALEXANDER, | ) | 1:08-cv-00372-OWW-SMS |
| Plaintiff, | ) ) ) | ORDER DETERMINING THAT PLAINTIFF STATES CLAIMS SUFFICIENT FOR SERVICE ON DEFENDANTS (DOC. 15) |
| v. | ) | |
| CORPORAL LONNIE R. AMERJAN, et al., | ) ) ) | ORDER DIRECTING THE CLERK TO SEND SPECIFIED SERVICE DOCUMENTS TO PLAINTIFF WITH THIS ORDER |
| Defendants. | ) ) ) | ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT |

ORDER DIRECTING THE CLERK TO FORWARD ANY SUBMITTED SERVICE DOCUMENTS TO THE MARSHAL FOR SERVICE OF PROCESS

ORDER DIRECTING THE MARSHAL TO SERVE DEFENDANTS UPON MARSHAL'S RECEIPT OF DOCUMENTS

Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is Plaintiff's first amended complaint (FAC), filed on May 12, 2008.

1

I. <u>Service of the Complaint</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2). A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990); <u>Lewis v. ACB Business Service, Inc.</u>, 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

2

The Court has reviewed the FAC, in which Plaintiff alleges generally that he went to Defendant CRMC to obtain emergency medical treatment for a pancreatic cyst and declined to wear a hospital gown and remove his warm clothes because of a separate medical condition that caused him to be especially sensitive to cold; in response, Defendant nurse Greene and Dr. Mansfield denied Plaintiff emergency medical screening, discriminated against Plaintiff in the provision of medical services on account of his disability, and involved Defendant Clovis Police Officers Amerjan and Stirling in violating Plaintiff's federally protected rights, attempting to encourage Plaintiff to leave the hospital, and in disclosing information concerning Plaintiff's medical condition that Plaintiff alleged was confidential. Defendants delayed treating Plaintiff for about eight hours, and caused Plaintiff great pain and physical damage, including permanent organ loss; eventually another doctor came on duty in the early morning and treated Plaintiff for acute pancreatic pseudocyst and severe abdominal pain condition, hospitalizing Plaintiff for several days.

A review of the complaint reveals that if the pro se Plaintiff's allegations are liberally construed in the light most favorable to the Plaintiff, <u>Jackson v. Carey</u>, 353 F.3d 750, 756 (9th Cir. 2003), Plaintiff has alleged facts that might support a claim entitling him to relief against all named Defendants.

Accordingly, the entire action does not fail to state a claim for relief, and the Court will proceed to order the complaint served on behalf of Plaintiff.

/////

       A. <u>Directions to the Marshal</u>

Accordingly, when appropriate service documents are submitted to the Court and forwarded to the Marshal, the United States Marshal SHALL SERVE the complaint.

       B. <u>Directions to the Clerk and to Plaintiff</u>

Service IS appropriate for the following defendants: Clovis City Police Officer Lonnie R. Amerjan, Clovis City Police Officer Tina Stirling, Clovis Police Department, City of Clovis, Community Regional Medical Center, Dr. Thomas E. Mansfield, Nurse Marilyn Jo Greene, and California Department of Public Health-UCSF Fresno.

Accordingly,

1) The Clerk of the Court shall send Plaintiff eight USM-285 form, eight summons, an instruction sheet, a notice of submission of documents form, and one copy of the first amended complaint filed in this Court on May 12, 2008;

2) Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Nine copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service.

Upon receipt of the documents described above, the Clerk of

4

the Court SHALL FORWARD them to the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action for failure to obey this Court's order.  Local Rule 11-110.**

**IT IS SO ORDERED.**

**Dated:  July 7, 2008**          /s/ Sandra M. Snyder
                                **UNITED STATES MAGISTRATE JUDGE**