UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL TATER-ALEXANDER, | ) | 1:08-cv-00372-OWW-SMS |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | ) ) | INFORMATIONAL ORDER TO PLAINTIFF |
| CORPORAL LONNIE R. AMERJAN, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, proceeding pro se, filed on or about July 28, 2008, a motion to appoint counsel. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Motion to Appoint Counsel</u>

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning an alleged failure to treat Plaintiff because of a disability. Plaintiff seeks counsel pursuant to 42 U.S.C. § 2000e-5(f)(1), which is available to plaintiffs under the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(1), and which provides that upon application by a

1

complainant and in such circumstances as the Court may deem just, the Court may appoint an attorney for the complainant.

Even where § 2000e-5(f)(1) provides for a procedure for appointment of counsel, there is no constitutional right to appointed counsel. <u>Ivey v. Board of Regents of University of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982) (employment discrimination). Factors relevant to the trial court's determination whether to appoint counsel in such cases are the plaintiff's financial resources, efforts made by the plaintiff to secure counsel on his own, and the meritoriousness of the plaintiff's claim. <u>Ivey v. Board of Regents of University of Alaska</u>, 673 F.2d at 269. A showing that warrants proceeding in forma pauperis is adequate to establish indigence. <u>Id.</u> However, where reasonable efforts have been made to locate counsel, it is not an abuse of discretion to deny a motion for appointment of counsel where there is no counsel available and willing to undertake the representation. <u>Bradshaw v. United States District Court</u>, 742 F.2d 515, 518 99th Cir. 1984).

Because of the early stage of the proceeding, Plaintiff has not shown the potential merit of his claim. However, the Court finds that Plaintiff is indigent, and Plaintiff has made serious efforts to obtain counsel.

It further appears that no attorney contacted by Plaintiff has been willing to take Plaintiff's case. The Court is not aware of any attorney available to take the case. Under the circumstances, the motion will be denied without prejudice such that should Plaintiff find an attorney willing to represent him, upon the substitution of such counsel into the case, the Court

2

1  will entertain Plaintiff's application to renew his motion.
2      Accordingly, Plaintiff's motion for the appointment of
3  counsel IS DENIED without prejudice to renewal.
4      II. <u>Informational Order to Plaintiff</u>
5      Plaintiff declares in the declaration submitted in support
6  of the motion regarding counsel that he is unable to obtain
7  adequate information in order to effect service of the complaint
8  by the Marshal pursuant to Fed. R. Civ. P. 4(c)(3). (Decl. ¶ 7.)
9      The Court notes that the Defendants regarding whom Plaintiff
10 claims to have insufficient information for the Marshal for
11 service are a doctor and two Clovis City Police officers.
12 Plaintiff presumably has access to a public data bank kept by the
13 pertinent medical authorities concerning the address of the
14 doctor's practice, and Plaintiff knows the location of at least
15 one hospital where the doctor practices. Further, the police
16 officers can be reached and/or served at the police station to
17 which the officers report.
18     Plaintiff IS INFORMED that it is his duty to provide
19 accurate and sufficient information necessary to identify the
20 defendants and effect service of the summons and complaint;
21 otherwise, sua sponte dismissal of the unserved defendants is
22 appropriate. <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994)
23 (quoting <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990)),
24 abrogated on other grounds by <u>Sandin v. Connor</u>, 515 U.S. 472
25 (1995).
26     Plaintiff has not shown that he lacks access to sufficient
27 information to direct service or that he requires an extension of
28 time.

3

1   Further, Plaintiff's ill health does not constitute a basis for staying this proceeding. Plaintiff IS INFORMED that despite his pro se status, he is required to comply with all pertinent rules of court.

IT IS SO ORDERED.

**Dated:    August 5, 2008**                              /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE