# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MICHAEL TATER-ALEXANDER,    Plaintiff,    v.  LONNIE R. AMERJAN, et al.,    Defendants.                                    / | CASE NO. 1:08-cv-00372-OWW-SKO  **ORDER GRANTING MOTION TO COMPEL**  (Docket No. 104) |

Michael Tater-Alexander ("Plaintiff") initiated this action on May 12, 2008, asserting various claims resulting from treatment he received while seeking care at the Fresno Community Hospital and Medical Center in Clovis, California, on March 17-18, 2007. Plaintiff named Lonnie Amerjan, the City of Clovis, Tina Stirling, "Community Regional Medical Center,"[1] Dr. Thomas Mansfield, and Mary Jo Greene as defendants in this action.

During discovery, Plaintiff asserted that he used a cellular telephone to make calls to his friend, Jill Bedford Potter, during the course of the events on March 17-18, 2007, which gave rise to this litigation. During this phone contact, Plaintiff apparently discussed with Ms. Potter some of the relevant events in the litigation. Ms. Potter has likewise testified that she received at least two phone calls from Plaintiff during that time period. (Doc. 107.)

---

[1] This defendant is named Fresno Community Hospital and Medical Center, but does business as "Community Regional Medical Center."

On June 10, 2010, Defendant Fresno Community Hospital and Medical Center ("FCH") propounded a Request for Production of Documents on Plaintiff seeking records associated with the cellular telephone from which Plaintiff claims he called Ms. Bedford on March 17-18, 2007.

On August 13, 2010, Plaintiff served a response to the request, indicating that he did not currently have the records, but he was seeking them from Verizon, his cellular telephone provider. The request and response are set forth as follows:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6**:

> All cell phone records for your cell phone number which was and is (559) 908-7623, and for any other cell phone and number you used, documenting all calls made and received between noon on March 17, 2007, and noon on March 18, 2007, or documenting that no calls were made or received during that time. (During that time plaintiff claims to have been in pain and those to whom he spoke may have information which could lead to the discovery of admissible evidence or itself be relevant and admissible on that issue. In addition, plaintiff's friend and landlord, Jill Bedford Potter, has testified that the night of March 17-18, 2007, she received at least two calls from plaintiff which were made either to her cell phone number which was and is (559) 908-7715, or to her home number which was and is (559) 348-0351, and she provided plaintiff's cell phone number and advised that his service was and is through Verizon. The records will either confirm those calls [] or be evidence that those calls were not made.[)]
>
> Rule 34(a) provides, in relevant part, that a party may serve on any other party a request to produce and to permit the inspection and copying of items within the responding party's "possession, custody or control." Even if Plaintiff no longer has his statements, they are available through his Verizon, his provider. The case of *A. Farber and Partners, Inc. v. Garber*, Cal. 2006, 2345 F.R.D. 186, is authority for the obligation of plaintiff to obtain and produce the records or, at a minimum, sign a consent to release them to defendant so defendant can expeditiously obtain these documents which plaintiff has the legal right to obtain on demand.

**RESPONSE:**

> Currently, records responsive to this request are not in the custody, control or possession of responding party. Responding party has requested these records from Verizon but has not yet received the same from Verizon. However, at such time responding party receives the records responsive to this request, responding party will produce them.

On October 1, 2010, the parties met and conferred regarding the cellular telephone records because no records had been produced by Plaintiff at that time. On October 14, 2010, FCH filed a motion to compel production of the Verizon cellular telephone records. FCH's motion to compel seeks a Court order requiring Plaintiff to produce the records if he has them, or order Plaintiff to call Verizon on speaker phone in the presence of FCH's counsel, Mr. Johnson, order the records, and

1  have them sent to Plaintiff and Mr. Johnson.  FCH also requests the Court to order sanctions against
2  Plaintiff and his counsel in the amount of $1,760.00, representing the reasonable attorneys' fees
3  incurred in bringing the motion to compel.
4        On October 15, 2010, the parties appeared before the Court telephonically regarding the
5  motion to compel.  Plaintiff agreed that he would attempt to secure and produce the cellular
6  telephone records by November 5, 2010.
7        On November 5, 2010, FCH's counsel, Carey Johnson, provided a declaration to the Court
8  regarding the status of the parties' dispute.  (Doc. 135.)  According to Mr. Johnson, Plaintiff
9  supplemented his response to FCH's request for production on November 3, 2010, as follows:

**ANSWER TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

> **Records responsive to this request are not in the custody, control, or possession of responding party. Responding party is informed and believes that the party with custody, control or possession of records responsive to this request is Jill Bedford Potter**.

On November 10, 2010, the matter came on regularly for hearing before the Court.  FCH asserted that it would be actually and substantially prejudiced if it were denied the cellular telephone records requested because they are critical to corroborating or impeaching the testimony of both Plaintiff and Jill Bedford Potter who provided deposition testimony that they had telephone contact with each other during the events that gave rise to this litigation.  *See* Fed. R. Civ. P. 26(b)(1) (information is relevant for discovery purposes if it relates to claims or defenses of a party seeking discovery or any other party).  As the discovery deadline has already expired in this matter, FCH asserted that if discovery were denied, it would seek to reopen discovery for the limited purpose of serving a Rule 45 subpoena to Verizon or redeposing Ms. Jill Bedford.   Plaintiff argued that the cellular telephone records were not relevant.  The matter was submitted and the Court issued its ruling from the bench, informing the parties that a written order would follow.

      Plaintiff, as the party resisting discovery, has the burden on a motion to compel to show that discovery is not warranted.  *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal 1997).  Here, Plaintiff has provided no evidence to corroborate his discovery responses that he has no authority to obtain cellular telephone records from a telephone he has used.

Further, Plaintiff's responses on August 13, 2010, and November 5, 2010, are inconsistent and appear evasive. This is evidenced by the fact that Plaintiff reported on August 13, 2010, that he had actually requested the records from Verizon and on November 5, 2010, reported that he could not secure records from Verizon. It does not seem plausible that Plaintiff would have been able to request records from Verizon if he had no authority to do so. Further, had Plaintiff actually requested records prior to August 13, 2010, it seems highly probable that Verizon would have informed him prior to November 5, 2010, that he was not able to request or receive such records.

As FCH has demonstrated actual and substantial prejudice if discovery is denied, and because Plaintiff has not carried his burden of establishing that discovery is not warranted or cannot be had, the Court GRANTS FCH's Motion to Compel.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant Fresno Community Hospital and Medical Center's "Motion to Compel Compliance with Request for Production, Set No. 6" is GRANTED.

2. **Plaintiff is ORDERED to:**

    (A) Produce the responsive records on or before November 29, 2010, **OR**

    (B) File a declaration with supporting evidence, on or before November 29, 2010, to the Court that provides the following information:

    (i) The date when Plaintiff requested his cellular telephone records from Verizon as indicated in his August 13, 2010, discovery response;

    (ii) Whether Verizon indicated that Plaintiff could not obtain the records because he was not the account holder on the account that relates to his cellular telephone, and if so, the date that Verizon informed him that he was not authorized to receive these records;

    (iii) Evidence, other than Plaintiff's statement, that Plaintiff is **not** the account holder related to the cellular telephone at issue (a declaration from Ms. Bedford, signed under penalty of perjury, may be provided);

    (iv) The date when Ms. Bedford refused to provide Plaintiff with her consent to obtain any cellular telephone records on any Verizon

cellular telephone account where she is the named account holder; and

   (v) A sufficient explanation as to why this response was not provided to Defendant FCH on August 13, 2010.

3. Plaintiff is informed that failure to adequately address each of the issues outlined in 2(B)(i)-(v) above in a manner exhibiting good faith and diligence on the part of Plaintiff **will be considered a failure to comply with the Court's order and will subject Plaintiff to sanctions** up to and including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i).

4. Defendant FCH's request for monetary sanctions in the amount of $1,760 is HELD OVER until such time as Plaintiff has provided his response to the Court's order.

5. Plaintiff may file an optional statement on or before November 29, 2010, showing cause why he should not be sanctioned in the amount of $1,760 which FCH contends are the reasonable fees and costs associated with bringing the motion to compel.

IT IS SO ORDERED.

**Dated: November 10, 2010**     /s/ Sheila K. Oberto
                 UNITED STATES MAGISTRATE JUDGE