M. Jeffery Kallis, SBN 190028
**THE LAW FIRM OF KALLIS & ASSOCIATES, P.C.**
333 W. San Carlos St., 8th Floor
San Jose, CA 95110
Telephone: (408) 971-4655
Facsimile:  (408) 971-4644
M_J_Kallis @Kallislaw.org

Andrew V. Stearns, SBN 164849
Steven M. Berki, SBN 245426
**BUSTAMANTE, O'HARA & GAGLIASSO, P.C.**
333 W. San Carlos St., 8th Floor
San Jose, California  95110
Telephone: (408) 977-1911
Facsimile:  (408) 977-0746
astearns@boglawyers.com
sberki@boglawyers.com

Attorneys for Plaintiff
**MICHAEL TATER-ALEXANDER**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **MICHAEL TATER-ALEXANDER**, | Case No. 1:08-cv-00372 OWW SMS |
| Plaintiff, | |
| vs. | **ORDER RE PLAINTIFF'S MOTIONS IN LIMINE** |
| **COMMUNITY REGIONAL MEDICAL CENTER,** et al., | |
| Defendants. | Complaint Filed: March 14, 2008 |
| | Trial Date: May 3, 2011 |
| | Time: 8:30 a.m. |
| | Judge: Hon. Oliver W. Wanger |
| | Courtroom: 3 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

On February 18, 2011, in Courtroom 3 of the above-entitled Court, the Honorable Oliver W. Wanger, judge presiding, the Court heard Motions in Limine.  Plaintiff was represented by Andrew V. Stearns, Esq., Bustamante O'Hara & Gagliasso, and M. Jeffery Kallis, Esq., The Law Firm of Kallis & Associates.  Defendants Fresno Community Hospital and Medical Center and Marilyn Jo

Greene were represented by Carey H. Johnson, Esq. and Celene Resong, Esq. Stammer McKnight Barnum & Bailey, LLP.  Defendant Thomas E. Mansfield was represented by Daniel L. Wainwright, Esq., McCormick Barstow Sheppard Wayte & Carruth, LLP.  Defendant Thomas E. Mansfield was dismissed prior to oral argument and counsel was excused by the Court.

After consideration of plaintiff's Motions in Limine, the opposition papers filed by defendants and oral argument presented at the hearing, and for good cause shown, the Court Orders as follows on plaintiff's Motions in Limine:

**Plaintiff's Motion in Limine No. 1 to Preclude Witnesess from Attending Trial Until After They Have Testified and Been Released by the Court.**

GRANTED.  The Court, however, will accept an offer of proof as to why an expert either needs to be in the courtroom or to be provided with testimony or other information developed at trial to be able to express opinions.  The parties and/or a designated party agent for trial are excepted from this ruling that witnesses may not be in the courtroom during any part of the trial until they testify and there is no reasonable prospect of their being recalled to give further testimony.  It shall be up to counsel to police this because the Court will not recognize the witnesses.

**Plaintiff's Motion in Limine No. 2 to Require 24 Hour Advance Notice to All Parties of Intended Witness Appearances.**

The Court's rule on this is 48 hours notice for witnesses and exhibits.  The parties so stipulate to the Court's rule.

**Plaintiff's Motion in Limine No. 3 to Preclude Evidence of Settlements or Settlement Discussions.**

GRANTED as to mediation, settlement conference and settlement discussions between counsel.  DENIED as to the July 29, 2008 emails attached to the Hospital's Opposition.

**Plaintiff's Motion in Limine No. 4 to Preclude Evidence of Dismissed Parties and/or Claims.**

GRANTED.

**Plaintiff's Motion in Limine No. 5 to Preclude Evidence of Other Claims and/or Lawsuits.**

GRANTED.

**Plaintiff's Motion in Limine No. 6 to Preclude Expert Testimony Relating to Emergency Medical Care and/or EMTALA Claims.**

THE PARTIES HAVE BEEN UNABLE TO COME TO AN AGREEMENT ON THE COURT'S ORDER ON THIS MOTION AND REQUEST ADDITIONAL INPUT FROM THE COURT.  THE PARTIES HAVE AGREED TO PROVIDE BRIEFS TO THE COURT ON THEIR RESPECTIVE POSITIONS.

**Plaintiff's Motion in Limine No. 7 to Preclude Expert Testimony Relating to Medical Malpractice Claims.**

DENIED.  Claims have been dismissed from case so such testimony would be irrelevant.

**Plaintiff's Motion in Limine No. 8 to Preclude Any Expert Testimony on Any Issue Not Set Forth in the Mandatory Expert Report or Deposition.**

GRANTED.

**Plaintiff's Motion in Limine No. 9 to Preclude Expert Opinion on Ultimate Facts and Legal Conclusions.**

GRANTED.

**Plaintiff's Motion in Limine No. 10 to Preclude Any Opinion Testimony of Non-Experts.**

GRANTED in part.  A lay person may provide opinion testimony on subject matters that are within the normal experience of human being as long as it is based on a sufficient foundation of personal knowledge and if it is helpful to the trier of fact.

**Plaintiff's Motion in Limine No. 11 to Preclude Improper Character Evidence to Show Conformance by Plaintiff.**

GRANTED in part.  Dr. Reus can testify about his psychological and psychiatric evaluation of plaintiff's medical condition – the way he reacts to things, the way he sees things – for purposes of addressing claims of intent, motive, absence of mistake.  Defendant is allowed to make an offer of proof as to specific incidents an the nature and the quality of the incidents relied upon by Dr.

Reus for the court to evaluate whether it is more prejudicial than probative under FRE 403 to allow the jury to hear this information.

**Plaintiff's Motion in Limine No. 12 to Preclude Improper Character Evidence.**

GRANTED in part.  Dr. Reus can testify about his psychological and psychiatric evaluation of plaintiff's medical condition – the way he reacts to things, the way he sees things – for purposes of addressing claims of intent, motive, absence of mistake.  Defendant is allowed to make an offer of proof as to specific incidents an the nature and the quality of the incidents relied upon by Dr. Reus for the court to evaluate whether it is more prejudicial than probative under FRE 403 to allow the jury to hear this information.

**Plaintiff's Motion in Limine No. 13 to Preclude Improper Extrapolation and/or Speculation by Witnesses.**

GRANTED.

**Plaintiff's Motion in Limine No. 14 to Preclude Documents Not Produced During Discovery.**

GRANTED.

**Plaintiff's Motion in Limine No. 15 to Preclude the Introduction of Police Reports as Documentary Evidence.**

GRANTED.  However, the report may be referred to by the drafting officer and/or Rule 803(5) if necessary.

**Plaintiff's Motion in Limine No. 16 to Preclude Evidence Not Known By Defendants or Not On Defendants' Information Systems on March 17, 2007.**

GRANTED subject to a showing of relevance.

**Plaintiff's Motion in Limine No. 17 to Preclude Evidence and Arguments as to Whether or Not the Plaintiff was Disabled on March 17, 2007.**

DENIED.

IT IS HEREBY FURTHER ORDERED:

The parties and counsel and witness shall:

1. Not mention, refer to, or attempt to convey to the jury in any manner, either directly or indirectly, any of the facts addressed by these Motions, without first obtaining permission from the Court outside the presence and hearing of the jury;
2. Not make any reference to the fact that these Motions have been filed; and
3. Warn and caution each of the witnesses to strictly follow the same instructions.
4.

IT IS SO ORDERED.

Dated:   **March 14, 2011**                              **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE

6.
7.