Mr. Carey H. Johnson #40879
**STAMMER, McKNIGHT, BARNUM & BAILEY LLP**
2540 W. Shaw Lane, Suite 110
Fresno, California  93711
Telephone: (559) 449-0571
Facsimile:  (559) 432-2619

Attorneys for Defendants, FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER, dba COMMUNITY REGIONAL MEDICAL CENTER, and MARILYN JO GREENE, R.N.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TATER-ALEXANDER,<br><br>           Plaintiff,<br><br>vs.<br><br>LONNIE R. AMERJAN, CITY OF CLOVIS, TINA STIRLING, COMMUNITY REGIONAL MEDICAL CENTER, DR. THOMAS E. MANSFIELD, MARY JO GREENE, and, DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.: 1:08-cv-00372-OWW-SKO<br><br>**ORDER ON *MOTIONS IN LIMINE* OF DEFENDANT THOMAS MANSFIELD, M.D.**<br><br>Judge:  Honorable Judge Oliver Wanger<br>Courtroom:  3<br>Date:  February 18, 2011<br>Time:  12:00 noon<br><br>Trial:  May 3, 2011 |

On February 18, 2011, the *Motions in Limine* submitted on behalf of defendant THOMAS MANSFIELD, M.D., were argued and ruled upon.  The following are the rulings on those motions:

    1.    **MOTION IN LIMINE NO. 1:**    **TO EXCLUDE ALL WITNESSES FROM THE COURTROOM.**

**RULING:**

Granted.  The Court, however, will accept an offer of proof as to why an expert either needs to be in the courtroom or to be provided with testimony or other information developed at trial to be able to express opinions.  The parties and/or a designated party agent for trial are excepted from this ruling that witnesses may not be in the courtroom during any part of the trial until they testify and there is no reasonable prospect of their being recalled to give further testimony.  It shall be up to counsel to police this because the Court will not recognize the witnesses.

2. **MOTION IN LIMINE NO. 2: PLAINTIFF SHOULD BE PRECLUDED FROM CALLING ANY WITNESSES OR INTRODUCING ANY DOCUMENTS NOT PREVIOUSLY IDENTIFIED IN DISCOVERY OR PRODUCED OR INCLUDED IN THE PRE-TRIAL ORDER.**

**RULING:**

Granted.

3. **MOTION IN LIMINE NO. 3:  PRECLUDE EVIDENCE OF SETTLEMENT DISCUSSIONS BETWEEN THE PARTIES.**

**RULING:**

Granted.  This ruling, however, does not apply to the e-mail correspondence from the plaintiff to Mr. Johnson of July 29, 2008 which includes a demand to settle for a structured settlement of $2,975,000.00 and photos of plaintiff.  Plaintiff's counsel stated there is no objection to using the two e-mails which are attached to defendant hospital's response to plaintiff's MIL No. 3.  (Document 226.)

4. **MOTION IN LIMINE NO. 4:  PRECLUDE PLAINTIFF FROM DISCUSSING THE WEALTH OR POVERTY OF EITHER HIMSELF OR DEFENDANTS.**

- 2 –

**Tater-Alexander v.  Amerjan, et al.**
U.S. District Court Case No.: 1:08-cv-00372-OWW-SKO
**ORDER ON *MOTIONS IN LIMINE* OF DEFENDANT THOMAS MANSFIELD, M.D.**

1 **RULING:**

2    Granted.

4
5 **5.**    **MOTION IN LIMINE NO. 5:  NO MENTION OF DEFENDANTS' INSURANCE COVERAGE.**

6 **RULING:**

7    Granted.

10
11 **6.**    **MOTION IN LIMINE NO. 6:  PRECLUDE ANY TESTIMONY FROM NON-EXPERT WITNESSES REGARDING ANY OPINIONS AS TO STANDARD OF CARE, THE REASONABLENESS OF THE TREATMENT, CAUSATION, AND/OR THE NATURE AND EXTENT OF INJURIES AND DAMAGES.**

14 **RULING:**

15    Granted.

18 **7.**    **MOTION IN LIMINE NO. 7:  PRECLUDE EVIDENCE OF OTHER LAWSUITS AGAINST ANY DEFENDANTS OR ANY OF DEFENDANTS' WITNESSES.**

20 **RULING:**

21    Granted.

23 **8.**    **MOTION IN LIMINE NO. 8:  PRECLUDE ANY TESTIMONY FROM JILL BEDFORD POTTER REGARDING WHAT SHE WAS PURPORTEDLY TOLD BY PLAINTIFF ABOUT THE EVENTS OF MARCH 17-18, 2007 IN THE EMERGENCY DEPARTMENT.**

26 **RULING:**

- 3 –

**Tater-Alexander v.  Amerjan, et al.**
U.S. District Court Case No.: 1:08-cv-00372-OWW-SKO
**ORDER ON *MOTIONS IN LIMINE* OF DEFENDANT THOMAS MANSFIELD, M.D.**

1  Granted.  Such testimony would be hearsay unless it is admissible pursuant to an

2  exception to the hearsay rule.  Before there is any such testimony from Ms. Bedford

3  Potter an offer of proof shall be made.

**9.     MOTION IN LIMINE NO. 9:  PRECLUDE PLAINTIFF'S IMPROPER USE OF MEDICAL TEXTS ON DIRECT AND CROSS-EXAMINATION, OR AT ANY ANOTHER OTHER TIME DURING TRIAL.**

**RULING:**

The rule is that one can ask an expert if the expert recognizes a treatise and either get the expert to agree or disagree with it, and then can read that portion of the treatise, if it is impeaching, into evidence, but can not put the treatise into evidence.

IT IS SO ORDERED.

Dated:   **March 14, 2011**                               **/s/ Oliver W. Wanger**
                                                           UNITED STATES DISTRICT JUDGE

- 4 –

**Tater-Alexander v.  Amerjan, et al.**
U.S. District Court Case No.: 1:08-cv-00372-OWW-SKO
**ORDER ON *MOTIONS IN LIMINE* OF DEFENDANT THOMAS MANSFIELD, M.D.**