UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TATER-ALEXANDER,<br><br>       Plaintiff,<br><br>v.<br><br>LONNIE R. AMERJAN, CITY OF CLOVIS, TINA STIRLING, COMMUNITY REGIONAL MEDICAL CENTER, DR. THOMAS E. MANSFIELD, MARY JO GREENE, and DOES 1 through 100.<br><br>       Defendants. | 1:08-cv-00372 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO ADD WITNESSES AND EVIDENCE<br><br>(DOCS. 252). |

## I. INTRODUCTION

Defendant Fresno Community Hospital and Medical Center dba Community Regional Medical Center ("Defendant") moves to add witnesses and evidence that were not listed in the Supplemental Joint Pre-Trial Statement (Doc. 211), but were included in the Final Pre-Trial Order (Doc. 271). Doc. 252. Plaintiff opposes the motion. Doc. 269. The matter was heard March 28, 2011.

## II. FACTUAL BACKGROUND

Plaintiff proceeds with this action for damages and equitable relief under the Americans with Disabilities Act ("ADA"), Unruh Civil Rights Act ("Unruh Act"), Disabled Persons Act ("DPA"), First Amendment, 42 U.S.C. § 1983, and Bane Civil

1

Rights Act.

Plaintiff filed a complaint on March 14, 2008, amendments to the complaint, and a third amended complaint ("TAC") on May 27, 2009 (Doc. 72). On January 28, 2011, summary judgment was granted on all claims asserted against Corporal Amerjan, Officer Sterling, and the City of Clovis. Doc. 205. On February 16, 2011, Plaintiff voluntarily dismissed Dr. Mansfield with prejudice. Doc. 246.

A pretrial conference was held January 31, 2011. The court ordered the parties to submit a Supplemental Joint Pre-Trial Statement by February 4, 2011, and they did so. Doc. 211. On February 7, 2011, Defendant filed an Addition to the Exhibits to the Supplemental Joint Pretrial Statement. Doc. 213. A Final Pretrial Order was entered March 22, 2011. Doc. 271.

### III. LEGAL STANDARD

A pretrial schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A district judge is given broad discretion in supervising the pre-trial phase of litigation . . . ." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (quoting *FDIC v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971). District courts should generally allow amendments of pre-trial orders when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the

2

inconvenience to the court is slight." *Campbell*, 619 F.2d at 27-28 (quoting *Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir. 1976)).

## IV.   ANALYSIS

### A. Ramon Flores, R.N., Adam Perez, Brian Pond, Garrett Waterson

Defendant moves to add four witnesses to the Final Pretrial Statement: (1) Nurse Flores; (2) Officer Adam Perez; (3) Officer Brian Pond; and (4) Officer Garrett Waterson. Nurse Flores and the Officers would testify regarding Plaintiff's visit to Defendant's Emergency Department on September 6, 2009, Nurse Flores' notes from the visit, and the Officers' incident report from the visit. Defendant contends that these witnesses' testimonies demonstrate Plaintiff's bias against the hospital.

Plaintiff rejoins that he filed another lawsuit arising from the September 6, 2009 incident, and Defendant's request to add Nurse Flores and Officers Perez, Pond and Waterson contravenes the court's grant of Plaintiff's motion in limine number 5 (to preclude evidence of other claims and/or lawsuits).

The 2003 Advisory Committee Notes to FRE 608 state that "the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity)" are governed by Rules 402 and 403. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to

3

make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Defendant asserts that it recently discovered Plaintiff's intention to use evidence of his September 6, 2009 visit to demonstrate his repeated visits to the hospital, for purposes of obtaining injunctive relief. Defendant contends that if Plaintiff introduces evidence of the September 6, 2009 visit, Defendant should be permitted to discuss Plaintiff's behavior during that visit.

The testimony of Nurse Flores and Officers Perez, Pond and Waterson is relevant to show Plaintiff's bias and impeach his testimony. Its relevance is potentially outweighed by the risk of prejudice. The parties can stipulate that Plaintiff has visited the hospital a number of times and is likely to visit the hospital again. If the parties cannot agree to this stipulation and Plaintiff introduces evidence of the September 6, 2009 visit, Nurse Flores and Officers Perez, Pond and Waterson shall testify. To provide otherwise would result in injustice to Defendant.

4

Defendant's motion to add Nurse Flores and Officers Perez, Pond and Waterson as witnesses is GRANTED.

B. <u>Hospital Gown and Blanket</u>

Defendant moves to add two exhibits to the Final Pretrial Statement: (1) an example of the hospital gown Plaintiff refused to wear; and (2) a blanket of the type kept in a warming oven in Defendant's Emergency Department to provide to cold patients. Defendant's counsel states it first thought to include these items on February 2, 2011, and picked them up from Defendant on February 3, 2011. Defendant contends that it inadvertently did not submit these items to Plaintiff's counsel for inclusion in the Supplemental Joint Pre-Trial Statement, but filed an Addition to Exhibit to Supplemental Joint Pre-Trial Statement on February 7, 2011. Doc. 213.

Plaintiff argues that the court previously granted Plaintiff's motion in limine number 14, which excludes evidence not produced during discovery. Plaintiff asserts that this motion is an impermissible attack on the court's prior order.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) provides that a party must, without awaiting a discovery request, provide to the other parties "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims

5

or defenses, unless the use would be solely for impeachment." Federal Rule of Civil Procedure 26(e) specifies the parties' duty to supplement or correct their disclosures. Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Seeing the hospital gown and blanket might help the jury understand the case. Admitting the blanket and gown will neither prejudice Plaintiff nor inconvenience the court. The gown and blanket may be added to Defendant's exhibit list. Defendant shall make the gown and blanket available to Plaintiff for inspection and testing.

Defendant's motion to add a hospital gown and blanket to its list of evidence is GRANTED.

  C. <u>Mary Contreras and David Arguijo</u>

Defendant moves to add two witnesses to the Final Pretrial Statement: (1) Mary Contreras, Defendant's Chief Nursing Officer; and (2) David Arguijo, Director of Admissions for Community Regional Medical Center. Nurse Contreras is expected to testify: (a) that she determines the need for, and is involved in promulgating, policies for the nursing personnel; (b) that she receives input from the Risk Management and Legal departments when determining whether a new policy is needed; and (c) that the

hospital has no intent to discriminate against people with disabilities or to ignore any laws relating to them. Mr. Arguijo is expected to testify regarding admission procedures at the hospital.

Plaintiff has taken Nurse Contreras' and Mr. Arguijo's depositions and does not oppose Defendant's motion. Adding Nurse Contreras and Mr. Arguijo will not injure or prejudice the Plaintiff or inconvenience the court. Refusing to add them may result in injustice to Defendant.

Defendant's motion to add Nurse Contreras and Mr. Arguijo as witnesses is GRANTED.

### V. CONCLUSION

For the reasons stated:

1. Defendant's motion to add witnesses and evidence is GRANTED.
2. Defendant shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

SO ORDERED.

DATED:   April 15, 2011

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge