UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TATER-ALEXANDER, | 1:08-cv-00372 OWW SMS |
| Plaintiff, | ORDER RE DEFENDANT'S BILL OF COSTS (DOC. 270). |
| v. | |
| LONNIE R. AMERJAN, CITY OF CLOVIS, TINA STIRLING, COMMUNITY REGIONAL MEDICAL CENTER, DR. THOMAS E. MANSFIELD, MARY JO GREENE, and DOES 1 through 100. | |
| Defendants. | |

I.   INTRODUCTION

Plaintiff objects to Defendants City of Clovis, Clovis Police Corporal Lonnie R. Amerjan and Clovis Police Officer Tina Stirling's (together, "Clovis Defendants") Bill of Costs. Plaintiff asserts that he cannot pay the requested costs because he is indigent and filed the action in forma pauperis. Plaintiff further argues that the Court has discretion to deny recovery of costs, and compelling Plaintiff to pay costs would discourage enforcement of civil rights and the Americans with Disabilities Act.

II.   BACKGROUND

On March 14, 2008, Plaintiff filed a Complaint (Doc. 1) and application to proceed in forma pauperis (Doc. 2). On April 8, 2008, Plaintiff's request to proceed in forma pauperis was granted pursuant to 28 U.S.C. § 1915. Doc. 11. Plaintiffs'

indigent status has neither been contested previously nor in connection with this motion.

This case arose from Plaintiff's March 17, 2007 visit to the Community Medical Emergency Room. After Plaintiff refused to put on a hospital gown, the hospital called police for assistance; Corporal Amerjan and Officer Stirling responded to the call. As a result of Plaintiff's interaction with Corporal Amerjan and Officer Stirling, Plaintiff alleged that Clovis Defendants violated 42 U.S.C. § 1983, the First Amendment, Fourth Amendment, Eighth Amendment, Fourteenth Amendment, Unruh Civil Rights Act, Disabled Persons Act, and Bane Act, and conspired to, and aided and abetted in, violations of Plaintiff's civil rights and commission of torts.

### III. <u>LAW AND ANALYSIS</u>

Federal Rule of Civil Procedure 54(d)(1) and Eastern District of California Local Rule 292(f) govern the taxation of costs to losing parties, subject to the requirements of 28 U.S.C. § 1920 (defining taxable costs). Rule 54(d)(1) provides: "[U]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." "By its terms the rule creates a presumption in favor of awarding costs to a prevailing party, but vest in the District Court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d

2

572, 591 (9th Cir. 2000). If a District Court declines to award costs to a prevailing party, the Court must explain "why, in the circumstances, it would be inappropriate or inequitable to award costs." *Id*. at 593.

In determining whether to award costs in civil rights cases, a court should consider the plaintiff's financial resources and the amount of costs. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Here, Plaintiff filed the case *in forma pauperis* and the potential costs are approximately $3,628.65. There is no contrary evidence in the record to show that Plaintiff is not indigent or that he has any means to pay a cost award of $3,628.65.

The court should also evaluate whether awarding costs may chill similar civil rights litigation in the future. *Id*. at 1080. ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this Nation since *Brown v. Board of Education*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954)."). The Ninth Circuit recognizes that denial of "overwhelming costs" may be appropriate when "[t]he issues in the case are close and complex" and the Plaintiff's position was "not without merit." *Ass'n. of Mexican-Am. Educators*, 231 F.3d at 593.

Plaintiff contends that compelling him to pay costs would discourage others from seeking to enforce their civil rights

3

under the ADA and § 1983. All of Plaintiff's claims against City of Clovis were meritless, and Plaintiff did not oppose their dismissal on summary judgment. Plaintiff's claims against Corporal Amerjan and Officer Stirling for violations of § 1983, the First Amendment, Fourth Amendment, Eighth Amendment, Fourteenth Amendment, Bane Act, and Disabled Persons Act, and for conspiracy, were also meritless. There was some evidence, however, to support Plaintiffs' claims that the officers violated the Unruh Civil Rights Act and aided and abetted in violations of Plaintiff's civil rights and commission of torts.

Based on the totality of the circumstances, taxation of costs against Plaintiff would be inequitable because Plaintiff is indigent; some of his claims were not without merit; and imposing costs could potentially chill meritorious actions to remedy civil rights violations.

IV.   CONCLUSION

Plaintiff's objection to the City of Clovis' bill of costs is SUSTAINED and City of Clovis' motion to recover costs is DENIED.


IT IS SO ORDERED.

DATED: May 3, 2011.

                              /s/ Oliver W. Wanger
                              Oliver W. Wanger
                              United States District Judge

4