# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TATER-ALEXANDER, | CASE NO. 1:08-cv-00372-OWW-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S COUNSEL'S REQUEST FOR REIMBURSEMENT OF COSTS** |
| v. | |
| LONNIE R. AMERIJAN, et al., | (Docket No. 344) |
| Defendants. | |

## I. INTRODUCTION

On October 27, 2008, the Court issued an order appointing Andrew V. Stearns, Esq., and M. Jeffery Kallis, Esq., as counsel. (Doc. 43.) The Court directed the appointed counsel to follow General Order 230, adopted by the Court on May 17, 1988, found at the Court's website at www.caed.uscourts.gov under General Orders. (Doc. 43.) Following the trial in this matter, Mr. Stearns and Mr. Kallis filed a Request for Authorization to Incur Costs and Request for Payments on June 3, 2011.

For the reasons set forth below, the request is DENIED WITHOUT PREJUDICE.

///

///

## II.  DISCUSSION

General Order 230 provides, in relevant part, as follows:

> 2.  Regulating cost expenditures and reimbursements, at least at the outset, shall be handled on a case by case basis with each expenditure pre-approved. A simple form for advance approval of expenditure shall be submitted <u>ex parte</u> for approval by the magistrate or the district court. This form will set out the nature of the contemplated expenditure, the reason for it, the anticipated amount and a summary of previous costs. A recommended form titled, "Request for Authority to Incur Costs (Appointed Counsel) and Request for Payment" is attached.
>
> Counsel will be advised that the costs of depositions will be borne by the Certified Shorthand Reporters' fund pursuant to California Business & Professions Code § 8030.2 <u>et. seq</u>. In the event that costs become excessive in a given case, the judge or magistrate may either disapprove a contemplated expenditure, schedule a discovery or status conference or take such other action as is deemed appropriate.

United States District Court, Eastern District of California, General Order 230.

Plaintiff's appointed counsel request expenses incurred by both counsel as follows:

**Mr. Stearns**

| | |
|---|---|
| **Facsimiles, Postage, Copies and Conference Calls** | $ 3,099.01 |
| **Meals, Lodging, Travel Expenses** | $ 3,098.82 |
| **Depositions, Experts and Transcripts** | $ 7,743.77 |
| **One Legal, Filing and Subpoenas** | $ 2,643.72 |
| Total: | $16,585.32 |

**Mr. Kallis**

| | |
|---|---|
| **Experts** | $ 4,499.00 |
| **Depositions** | $ 3,855.30 |
| **Legal Research** | $ 8,166.81 |
| **Postage and Copying** | $    408.44 |
| **Parking** | $      96.00 |
| Total | $17,025.55 |

Appointed counsel seek a combined total of $33,610.87 in costs and expenses exclusive of attorneys' fees. This request is problematic for a number of reasons.

1  First, the Court is not aware of, and the docket does not reflect, any request for prior authorization of the expenditures. General Order 230 requires that a prior authorization request with an estimate of the expenditures be submitted to the Court for consideration.

Second, even assuming that the expenditures could be awarded without prior approval, this request does not set forth "the nature of the *contemplated* expenditure, and the reason for it," as required by General Order 230 (emphasis added). For example, counsel request expenses related to "experts" but do not provide any billing or other documentation showing what experts were retained, the fees for any particular experts, and whether that fee was paid by counsel or when it was paid. Moreover, counsel are DIRECTED to General Order 230, quoted in relevant part above, that indicates that deposition costs will be borne by the Certified Shorthand Reporters' fund. Counsel should consult the Court's website at http://www.caed.uscourts.gov/caed/staticOther/page_1668.htm for details regarding how deposition costs should be requested.

Finally, the Court notes that Plaintiff's counsel submitted a request for reimbursement related to "legal research." Counsel is reminded that attorneys' fees are not recoverable as a cost. In sum, a more detailed request is required before any motion for reimbursement will be entertained.

In light of these issues, Plaintiff's counsel's motion for reimbursement is DENIED without prejudice. Counsel may renew their request, but they must provide detailed invoices, receipts, and dates of <u>all</u> expenditures.

Any renewed motion for reimbursement of expenses shall include a declaration from counsel regarding whether any of the requested expenditures was approved by the Court prior to the expense being incurred, and if not, why such prior authorization for the expense was not sought by counsel as required by General Order 230. Further, if prior authorization was not sought, counsel should set forth grounds indicating why any expenditures should be awarded in light of the failure to comply with General Order 230.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's request for reimbursement of costs is DENIED without prejudice and with leave to renew.

2. Any renewed request for reimbursement SHALL:
    a. Set forth specific details of each expense incurred, the date the expense was incurred, and supporting documentation showing payment of the expense;
    b. Include an explanation of the nature of the category of expense and why it is properly characterized as a cost expenditure rather than as a non-reimbursable request for attorneys' fees; and
    c. Provide a supporting declaration explaining whether prior authorization for the expenditure was sought and approved by the Court.
3. If no prior authorization or pre-approval of the expenditure was sought, counsel shall provide an explanation regarding the failure to seek the authorization and the reasons why such expenditures should be awarded absent prior authorization.
4. Plaintiff's counsel are DIRECTED to General Order 230 that indicates that deposition costs will be borne by the Certified Shorthand Reporters' fund.

IT IS SO ORDERED.

**Dated:   August 11, 2011**             /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE