# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TATER-ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE R. AMERIJAN, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:08-cv-00372 – SKO<br><br>**ORDER DENYING REQUEST FOR REIMBURSEMENT OF COSTS**<br><br>(Docket No. 360) |

## I. INTRODUCTION

On October 27, 2008, the Court issued an order appointing Andrew V. Stearns, Esq., and M. Jeffery Kallis, Esq., as counsel. (Doc. 43.) The Court directed the appointed counsel to follow General Order 230, adopted by the Court on May 17, 1988, found at the Court's website at www.caed.uscourts.gov under General Orders. (Doc. 43.)

General Order 230 provides, in relevant part, as follows:

> 2. Regulating cost expenditures and reimbursements, at least at the outset, shall be handled on a case by case basis with each expenditure pre-approved. A simple form for advance approval of expenditure shall be submitted ex parte for approval by the magistrate or the district court. This form will set out the nature of the contemplated expenditure, the reason for it, the anticipated amount and a summary of previous costs. A recommended form titled, "Request for Authority to Incur Costs (Appointed Counsel) and Request for Payment" is attached.

> Counsel will be advised that the costs of depositions will be borne by the Certified shorthand Reporters' fund pursuant to California Business & Professions Code § 8030.2 et. seq. In the event that costs become excessive in a given case, the judge or magistrate may either disapprove a contemplated expenditure, schedule a discovery or status conference or take such other action as is deemed appropriate.

(United States District Court, Eastern District of California, General Order 230.)

Plaintiff's case was tried before a jury, who found in favor of Defendants and entered a verdict against Plaintiff on May 11, 2011. (Doc. 335.) On June 3, 2011, Plaintiff's appointed counsel filed a "Request for Authorization to Incur Costs and Request for Payment." (Doc. 344.) The Request for Authorization to Incur Costs was denied on August 12, 2011. (Doc. 346.)

On February 23, 2012, Plaintiff's counsel renewed their "Request for Authorization to Incur Costs and Request for Payments," seeking reimbursement of $24,773.15 in costs. (Doc. 360.) It is this request that is currently pending before the Court.

## II. DISCUSSION

In denying counsel's June 3, 2011, request, the Court determined that counsel's request was not sufficiently supported with detailed invoices, receipts, and dates of all expenditures. The Court also specifically noted the following:

> Any renewed motion for reimbursement of expenses shall include a declaration from counsel regarding whether any of the requested expenditures was approved by the Court prior to the expense being incurred, and if not, why such prior authorization for the expense was not sought by counsel as required by General Order 230. Further, if prior authorization was not sought, counsel should set forth grounds indicating why any expenditures should be awarded in light of the failure to comply with General Order 230.

(Doc. 346, 3:19-24.)

Counsel's February 23, 2012, renewed "Request for Authorization to Incur Costs and Requests for Payments" does not address whether the requested expenditures were approved by the Court prior to the costs being incurred. (*See* Doc. 360.) Further, there is no information on the docket that indicates any prior approval of the requested expenses was sought. The objective of prior-approval is to manage the costs incurred by counsel and to provide counsel with guidance on the nature and extent of costs that may be reimbursed. When counsel neglects to seek prior approval

of cost expenditures,[1] it deprives the Court of the opportunity to consider the extent of the costs *before* they are incurred and to provide counsel guidance on what costs will be reimbursed.

In view of the lack of prior approval for the costs incurred and because the latest request for reimbursement does not address the issue of prior approval pursuant to General Order 230, as required by the Court's order of August 12, 2011, the "Request for Authorization to Incur Costs and Request for Payment" is DENIED.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Request for Authorization to Incur Costs and Request for Payment is DENIED.

IT IS SO ORDERED.

Dated:   April 11, 2012                   /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] There are instances that seeking prior court approval will not be feasible – e.g., where panel counsel is appointed on the eve of particular deadlines that require immediate action on the part of counsel. That does not appear to be the situation in this case.